UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-209 (WMW)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MITCHELL JAMES OTTINGER,
A/K/A RACHEL MEYER,
A/K/A TAYLOR MALEK,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant MITCHELL JAMES OTTINGER (hereinafter referred to as the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to enter a plea of guilty to Counts 1-3 of the Information. Counts 1 and 2 charge Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). Count 3 charges Interstate Communication with Intent to Extort, in violation of 18 U.S.C. § 875(d). In exchange, the United States Attorney's Office agrees not to charge the defendant with additional counts of the offenses described above, or transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), (a)(4)(B), (b)(1), and (b)(2) known at the time of the entry of this plea.

SCANNED
OCT 18 2021
U.S. DISTRICT COURT ST. PAUL

2. **Factual Basis.** The defendant agrees that the Information, which is attached to this agreement and incorporated here by reference, along with the facts set forth below, accurately set forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant further agrees that the facts set forth in the Information and below are true and could be established beyond a reasonable doubt if the case were to proceed to trial:

   a. As set forth in the Information, the defendant engaged in an ongoing scheme to obtain sexually explicit images and videos of minors and adults by adopting false female personae, including of minor girls. He also threatened to disseminate sexually explicit images and videos of his victims in order to extort more images and videos from them, as described in the information.
   b. The scheme occurred over the course of at least nine years, beginning at least as early as when the defendant was approximately 16 and 17 years old. The offenses described in the Information and in this factual basis continued into the defendant's adulthood. All of the conduct involving the victims identified in the Information and in this factual basis occurred when the defendant was an adult.
   c. During the period described in the Information, the defendant attempted to and did produce child pornography of and extort minor victims from the community where he lived and worked, including children he knew from his position as a substitute teacher and paraprofessional in School District 1. These victims included, but were not limited to, the following children:
      i. Victim 1, as set forth in the Information.
      ii. Victim 5: The defendant extorted Victim 5, beginning when Victim 5 was approximately 13 years old. The defendant sent a child pornography image of Victim 5 that the defendant already had to Victim 5, and threatened to send that image to Victim's 5's brother, Victim 6 (then 16 years old), if Victim 5 did not comply with the defendant's demands. This conduct was in violation of 18 U.S.C. §§ 875(d), 1470, 2252(a)(2), and 2252(b)).
      iii. Victim 6: The defendant directed Victim 6, then approximately 13 years old, to produce child pornography. The defendant also extorted the victim for additional child pornography images, including by threatening to send child pornography images of Victim 6 to Victim 5, Victim 6's brother, when Victim 6 was

approximately 15 years old. This conduct was in violation of 18 U.S.C. §§ 875(d), 2251(a), and 2251(e).

    iv. Victim 7:

        1. The defendant produced child pornography and extorted Victim 7 for approximately one year and eight months, beginning when Victim 7 was approximately 10 years old. The defendant extorted Victim 7 by threatening to disseminate and actually disseminating at least one child pornography image of Victim 7 to his brother, Victim 8, then 15 years old. This conduct was in violation of 18 U.S.C. §§ 875(d), 1470, 2251(a), 2251(e), 2252(a)(2), and 2252 (b).

        2. The defendant distributed at least one child pornography image of Victim 7 to adults in Minnesota, Canada, and Michigan via the internet. This conduct was in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b).

    v. Victim 8: The defendant produced child pornography and extorted Victim 8 for approximately four years, beginning when Victim 8 was approximately 10 years old. The defendant extorted Victim 8 by threatening to disseminate at least one child pornography image of Victim 8 to Victim 8's brother, then 12 years old. This conduct was in violation of 18 U.S.C. § 875(d), 2251(a), 2251(e), 2252(a)(2), and 2252(b).

    vi. Victim 9: The defendant produced child pornography of Victim 9, then 15 years old. This conduct was in violation of 18 U.S.C. §§ 2251(a) and 2251(e).

    vii. Victim 10: The defendant produced child pornography of Victim 10. The defendant also send Victim 10 an obscene image of a girl while posing as "Rachel Meyer." This conduct was in violation of 18 U.S.C. §§ 1470 and 2251(a), and 2251(e).

d. The defendant also used social media services, including Snapchat's Quick Add feature, to identify additional child victims in the same social circles as his other victims, including victims he knew from his community and position in School District 1.

e. On October 4, 2017, the defendant knowingly transported child pornography images and videos in and using facilities of interstate and foreign commerce, including a computer and the internet. For example, he emailed himself a video file with a name ending in -5408.mov, that was approximately five minutes and 12 seconds in duration that depicts a male raping Victim 4, a toddler. This conduct was in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1).

3. **Stipulations regarding Additional Offenses.** The defendant agrees that the Information does not fully encompass the extent of his criminal conduct. The defendant also agrees that he is culpable for similar conduct as that described in the Information involving victims other than the minors described in the Information, including those described in the factual basis set forth above. Pursuant to USSG §1B1.2(c), the defendant stipulates to the facts described in the Information, in the factual basis section above, and in this paragraph. He further understands and agrees that the conduct involving victims other than those identified in the Information and factual basis above shall be treated as separate counts of conviction and may therefore result in an increase in the applicable offense level under the U.S. Sentencing Guidelines beyond the parties' stipulations described below. The defendant acknowledges that given the conduct described in the Information and factual basis herein, as well as the number of victims involved in the offense not described here, that the applicable offense level will exceed the maximum of 43, and the applicable guideline range will be life. The defendant further acknowledges that the United States and the Court have an obligation to accurately calculate the applicable guideline range, and that it shall not be a breach of this agreement for the United States to advocate for an applicable offense level based on conduct involving additional victims not identified in the Information or factual basis above. Further, the defendant understands and agrees that he will not be permitted to withdraw from the plea agreement if such stipulations or the identification of additional victims results in a higher applicable

offense level or guideline range. Such conduct may also impact the factors considered in fashioning an appropriate sentence under 18 U.S.C. § 3553(a).

4. **Waiver of Indictment.** The defendant agrees to waive indictment by a grand jury on these charges, and to consent to the filing of a criminal Information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on these offenses.

5. **Waiver of Pretrial Motions.** The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly, and voluntarily gives up the right to file and litigate pretrial motions.

6. **Waiver of Constitutional Trial Rights.** The defendant understands that the defendant has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel.

The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

7. **Statutory Penalties.** Unless otherwise specified below, the parties agree that the following statutory penalties apply for Counts 1 and 2 of the Information:

    a. A mandatory minimum of 15 years' imprisonment;
    b. A maximum of 30 years' imprisonment;
    c. A supervised release term of not less than five years up to a maximum term of life;
    d. A fine of up to $250,000;
    e. A mandatory special assessment of $100;
    f. Payment of $5,000 to the Domestic Trafficking Victims' Fund; and
    g. Payment of mandatory restitution in an amount to be determined by the Court.

8. The parties also agree that the following statutory penalties apply for Count 3 of the Information:

    a. A maximum of 2 years' imprisonment;
    b. A supervised release term of not more than one year;
    c. A fine of up to $250,000;
    d. A mandatory special assessment of $100; and
    e. Payment of mandatory restitution in an amount to be determined by the Court.

The parties further acknowledge that the following combined statutory penalties for Counts 1, 2, and 3 apply:

    a. A mandatory minimum term of 15 years' imprisonment;
    b. A maximum term of 62 years' imprisonment;
    c. A maximum term of life supervised release;
    d. A maximum fine of $750,000;
    e. A mandatory $300 in special assessments; and
    f. Payment of $10,000 to the Domestic Trafficking Victims' Fund.

9. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

10. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

  a. The parties agree that the guidelines applicable to each offense are to be calculated separately. (USSG §§2B3.2, 2B3.3, 2G2.1(d), and 3D1.2(d)). The parties also agree that the 2018 U.S. Sentencing Guidelines Manual applies. (USSG §1B1.11(b)(3)).
  b. The parties agree that the following Chapter 2 provisions apply:

     i. *Production and Attempted Production of Child Pornography (Counts 1 and 2, Victims 6-10)*

        1) <u>Base Offense Level.</u> The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).

        2) <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

           a) 4 levels because the offense involved a minor who had not attained the age of twelve years. (USSG §2G2.1(b)(1)(A)).

7

                *This adjustment is applicable to stipulated Victims 7 and 8.*

        b) 2 levels because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years. (USSG §2G2.1(b)(1)(B)). *This adjustment is applicable to Counts 1 and 2, as well as stipulated Victims 5, 6, 9, and 10.*

        c) 2 levels because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage sexually explicit conduct or use of a computer or an interactive computer service to persuade, induce, entice, coerce . . . a minor to engage in sexually explicit conduct. §(USSG §§2G2.1(b)(6)(A),(B)). *This adjustment is applicable to Counts 1 and 2 and all stipulated victims.*

        d) 2 levels because the defendant knowingly engaged in distribution (USSG §2G2.1(b)(3)). *Based on information known to the United States at this time, this adjustment is applicable to stipulated Victims 5, 7, and 8.*

        e) 2 levels because the minor was in the custody, care or supervisory control of the defendant. (USSG §2G2.1(b)(5)). *This adjustment is applicable to Count 1 and stipulated victims 5-10.*

    ii. *Distribution of Child Pornography (Stipulated Victims 5, 7, and 8) and Transportation of Child Pornography (Stipulated Victim 4)*

        1) <u>Base Offense Level</u>. The parties agree that the base offense level for distribution of child pornography is 22. (USSG §2G2.1(a)(2)).

        2) <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

a) 2 levels because the offense involved a prepubescent minor or a minor who had not attained the age of twelve years. (USSG §2G2.2(b)(1)(A)). *This adjustment is applicable to stipulated Victims 7 and 8.*
b) 6 levels because the offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity. (USSG §§2G2.2(b)(D)). *This adjustment is applicable to stipulated Victims 5, 7 and 8.*
c) 4 levels because the offense involved material that portrayed sadistic or masochistic conduct or sexual abuse or exploitation of an infant or toddler. (USSG §2G2.2(b)(4)). *This adjustment is applicable to stipulated Victim 4.*
d) 5 levels because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (USSG §2G2.2(b)(5)). *This adjustment is applicable to stipulated Victims 4, 5, 7, and 8..*
e) 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. (USSG §2G2.2(b)(6)). *This adjustment is applicable to stipulated Victims 4, 5, 7, and 8.*
f) 5 levels because the offense involved 600 or more images. (USSG §2G2.2(b)(7)). *This adjustment is applicable to stipulated Victims 4, 5, 7, and 8.*

   iii. *Interstate Communications with Intent to Extort (Count 3 and Stipulated Victims 5-8)*

     1) <u>Base Offense Level</u>. The parties agree that the base offense level for extortion (18 U.S.C. § 875(d)) is 9. (USSG §2B3.3(a)).

   iv. *Transportation of Obscene Matter to a Minor (Stipulated Victims 5, 7, and 10)*

     1) <u>Base Offense Level</u>. The parties agree that the base offense level for transportation of obscene matter to a minor is 10. (USSG §2G3.1(a)).

     2) <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

      a) 6 levels because the offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity. (USSG §§2G3.1(b)(D)). *This adjustment is applicable to stipulated Victims 5, 7, and 10.*

      b) 3 levels because the offense involved the use of a computer or an interactive computer service. (USSG §2G3.1(b)(3)). *This adjustment is applicable to stipulated Victims 5, 7, and 10.*

 a. The parties agree that the following Chapter 3 provisions apply:

   i. <u>Determining the Combined Offense Level.</u> The parties agree that an upward adjustment applies pursuant to the guidelines related to multiple counts of conviction. (USSG §§3D1.2(d) and 3D1.4). The parties also agree that given the calculations above, the combined offense level exceeds the maximum of 43.

   ii. <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility and to make any appropriate

motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following:

1) the defendant testifies truthfully during the change of plea and sentencing hearings;
2) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation; and
3) the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG §3E1.1).

b. <u>Repeat and Dangerous Sex Offender against Minors.</u> The parties agree that a 5-level upward adjustment applies because the instant offense includes a covered sex crime, neither USSG §§4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (USSG §4B1.5(b)(1)).

c. <u>Criminal History Category.</u> Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (USSG §§4A1.1 and 4B1.5(b)(2)).

d. <u>Guideline Range.</u> If the adjusted offense level is 43—the maximum permitted under the guidelines—and the criminal history category is I, the Sentencing guideline range is life, which by operation of the statutory maximum for Counts 1 through 3 is 62 years.

e. <u>Fine Range.</u> Based on the offense level calculated above, the fine range is $50,000 to $500,000. USSG §5E1.2(c).

f. <u>Supervised Release.</u> The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five

years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction in Counts 1 and 2. (USSG §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

g. <u>Sentencing Recommendation.</u> The parties reserve the right to make a motion for a variance or departure from the applicable guideline range.

11. **Discretion of the Court.** The foregoing stipulations bind the parties but not the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable guideline range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

12. **Special Assessment.** The defendant is required to pay a special assessment in the amount of $100 for each felony count of conviction, for a total of $300. 18 U.S.C. § 3013; USSG §5E1.3. The defendant also agrees to pay special assessments of $5,000 to the Domestic Trafficking Victims' Fund for a total of $10,000 for Counts 1 and 2. The defendant agrees that these assessments all become due and payable upon sentencing.

13. **Restitution.** The defendant understands and agrees that 18 U.S.C. § 2259, 18 U.S.C. § 3663(a)(3), and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to the victims

of the defendant's offenses. Additionally, pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by the National Center for Missing and Exploited Children (NCMEC). The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant agrees to enter a stipulation prior to sentencing to restitution regarding victims who have requested restitution by that date. Absent an agreement with counsel for the victim(s) and the government that he will pay a greater amount, the defendant agrees to pay at least $3,000, in restitution to each of the victims who request restitution in his case. The defendant acknowledges and agrees that a greater amount may be appropriate, particularly for victims of production of child pornography. Additionally, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or included in the counts of conviction. The defendant agrees to fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

d. Specifically, the parties agree that the defendant will forfeit the property identified in the Information and any other electronic devices identified as containing child erotica or child pornography currently in the government's possession.

e. The United States reserves the right to seek the forfeiture of additional property.

15. **Waivers of Appeal and Collateral Attack**. The defendant acknowledges having been advised by counsel of the defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal rights conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby expressly, knowingly, intelligently, and voluntarily waives these rights, except as specifically reserved herein. The defendant's waiver of these rights includes his waiver of the right to contest the constitutionality of the statute to which he is pleading guilty or to argue that the admitted conduct does not fall within the scope of that statute. The defendant further waives any order the right to appeal

any order of restitution in this case. In exchange for this waiver, the United States agrees to waive its right to appeal a sentence that exceeds 360 months' imprisonment. Nothing in this paragraph bars the defendant from seeking any remedy on appeal or collateral attack with respect to a claim of ineffective assistance of counsel.

16. **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States

and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 10/4/2021

W. ANDERS FOLK
Acting United States Attorney

BY: MIRANDA E. DUGI
(NY: 5140546)
Assistant U.S. Attorney

Date: 10/01/2021

MITCHELL JAMES OTTINGER
Defendant

/s/ *Kurt B. Glaser*

Date: 10/04/2021

KURT GLASER
Counsel for the Defendant